# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEPTIMIUS MIHAIL CARAVIA-MOROIANU,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 16-01848-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Septimius Mihail Caravia-Moroianu ("Plaintiff") challenges the Commissioner's denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The single claim raised in Plaintiff's challenge is that the ALJ failed to comply with the Appeals Council's remand order directing the ALJ to obtain certain medical records. Joint Stipulation ("JS") at 4. For the reasons stated below, the decision of the Commissioner is AFFIRMED.

Plaintiff applied for DIB and SSI on August 8, 2012. AR 320. The application was denied in November 2012, after which Plaintiff requested a hearing. AR 116. The ALJ held an administrative hearing on December 9, 2013. AR 75-110. Thereafter, the ALJ issued an unfavorable decision on January 13,

2014. AR 145-57. Plaintiff requested review by the Appeals Council, which granted Plaintiff's request and remanded the case to the ALJ on April 24, 2014. AR 161-63. In its remand order, the Appeals Council instructed that on remand the ALJ, *inter alia*, will "[o]btain additional evidence concerning [Plaintiff's] impairments – particularly from Tonda Bradshaw, M.D. – in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence . . . ." AR 162-63. On remand, the ALJ held a second administrative hearing on October 27, 2014. AR 41-74. The ALJ issued a second unfavorable decision on January 13, 2015. AR 23-40. The Appeals Council denied Plaintiff's request for review of the ALJ's second unfavorable decision on April 14, 2016, making the ALJ's decision the final decision of the Commissioner. AR 7-11.

Plaintiff's sole claim in this matter is that the ALJ failed to comply with the Appeals Council's remand order directing the ALJ to obtain medical records from Dr. Bradshaw. JS at 4.

It is well settled that federal courts only have jurisdiction to review the final decisions of administrative agencies. *See* 42 U.S.C. 405(g). While this Court would have jurisdiction to review the ALJ's second unfavorable decision to determine if it is supported by substantial evidence, it lacks jurisdiction to review the intra-agency decision regarding whether the ALJ complied with the Appeals Council's order. *Tyler v. Astrue*, 305 F. App'x 331, 332 (9th Cir. 2008). As stated in *Tyler*,

> The district court properly declined to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand. The law of the case doctrine does not apply because the Appeals Council remanded to the ALJ to make further findings; it did not decide any issues of fact or law itself. Additionally,

///

> federal courts only have jurisdiction to review the final decisions of administrative agencies.

*Id.*; *see also Megyesi v. Comm'r of Soc. Sec. Admin.*, No. CV-16-02140-PHX-JJT, 2017 WL 4296664, at *2 (D. Ariz. Sept. 28, 2017) (the Court only has jurisdiction to evaluate final decisions of the Social Security Administration, "and not the decisions made within the SSA before the Appeals Council entered its final disposition") (citing *Tyler*); *Rivera ex rel. J.R. v. Astrue*, No. ED CV 10-149-PJW, 2011 WL 2671298, at *2 (C.D. Cal. Jul. 8, 2011) (same).

Furthermore, the Appeals Council had an opportunity to address the issue raised by Plaintiff when ruling on Plaintiff's request for review of the ALJ's second decision, but denied that request, finding "no reason under our rules to review the [ALJ's] decision." AR 7; *Tyler*, 305 F. App'x at 332 ("When the Appeals Council denied review of the ALJ's second decision, it made that decision final, *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993), and declined to find that the ALJ had not complied with its remand instructions."); *see also Webber v. Berryhill*, 2:15-CV-00295-MKD, 2017 WL 722593, at *3 (E.D. Wash. Feb. 23, 2017) ("If the Appeals Council believed that an alleged violation of its remand order was a material issue, it would have granted Plaintiff's second request for review and addressed the alleged violation in that context, *i.e.*, the Council would have ordered another remand rather than denying further review.")

Because the Court lacks jurisdiction to review whether the ALJ's second decision satisfied the demands of the Appeals Council's remand, the Court rejects Plaintiff's claim and affirms the decision of the Commissioner.

/ / /
/ / /
/ / /
/ / /
/ / /

3

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: March 6, 2018

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**